12-4162-cv
*Providence Aiossa v. Bank of America, N.A., AKA Bank of America & Co., John Frazza and Sue Cole*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         RICHARD C. WESLEY,
         SUSAN L. CARNEY,
            *Circuit Judges.*

---

PROVIDENCE AIOSSA,

    *Plaintiff-Appellant,*

        -v.-                    12-4162-cv

BANK OF AMERICA, N.A., AKA BANK OF AMERICA & CO., JOHN FRAZZA AND SUE COLE,

    *Defendants-Appellees.*

---

FOR APPELLANT:    NORMAN A. OLCH, Law Office of Norman A. Olch, New York, NY.

FOR APPELLEES:    Deborah Zawadzki, Kaufman Borgeest & Ryan LLP, New York, NY (Jonathan B. Bruno, Kaufman Borgeest & Ryan LLP; Siobhan M. Sweeney, Edwards Wildman Palmer LLP, *on the brief*).

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED**.

Appellant Providence Aiossa appeals from a September 21, 2012 judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) granting summary judgment for Defendants on Aiossa's claims of retaliation, age discrimination, and aiding and abetting in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review an order granting summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the non-moving party. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of fact exists for summary judgment purposes

2

"where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (citing *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)). To resist a motion for summary judgment, a party must provide more than conclusory allegations and must "show more than 'some metaphysical doubt as to the material facts.'" *Gorzynski v. JetBlue Airways Corp*., 596 F.3d 93, 101 (2d Cir. 2010) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

The NYSHRL and NYCHRL make it unlawful for an employer to, among other things, discriminate on the basis of age, N.Y. Exec. Law § 296(1); N.Y.C. Admin. Code § 8-107, and to retaliate against an employee for engaging in protected conduct, N.Y. Exec. Law § 296(7); N.Y.C. Admin. Code § 8-107, the latter of which we assume for purposes of this appeal to include complaining about racial discrimination against a fellow employee.

We analyze discrimination and retaliation claims under § 296 of the NYSHRL under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010). Under that framework, if a plaintiff puts forth a *prima facie* case

3

of discrimination and the defendant then provides a nondiscriminatory reason for its actions, the burden shifts back to the plaintiff to prove that the defendant's proffered reason is pretextual.  *Id.*

We analyze discrimination and retaliation claims under the NYCHRL "separately and independently from any federal and state law claims," and construe the NYCHRL "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible."  *Mihalik*, 715 F.3d at 109 (internal quotations omitted).  An employer "is entitled to summary judgment [under the NYCHRL] only if the record establishes as a matter of law that 'discrimination play[ed] no role.'"  *Id*. at 110 n.8 (citing *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62 (1st Dep't 2009)).

Appellant argues that the district court erred in failing to separately analyze her NYCHRL and NYSHRL claims. To the extent the district court erred, the error was harmless; even where Appellant may be entitled to the NYCHRL's broader protections, there is no genuine issue as to whether discriminatory or retaliatory intent motivated Defendants' actions.

Appellant, who was a Bank of America mortgage loan officer when the alleged retaliation and discrimination

4

occurred, identifies two instances of protected conduct: In January 2007, Appellant complained that a fellow employee was the target of racial discrimination, and around April 2008, Appellant complained that a fellow employee and herself were the victim of discrimination.  She argues that following these complaints, Appellees retaliated against her by, among other things, stripping her of her Long Island banking centers, initiating a series of baseless investigations, and ultimately terminating her.

To support her claims, Appellant fails to present probative facts beyond some measure of temporal proximity. Yet even where temporal proximity might otherwise have been probative, Appellees rebutted Appellant's claims: (1) similarly situated employees who did not complain about discrimination were presented with the same options, *i.e.* to transfer or to join the Long Island sales team under a new manager; and (2) substantial evidence supported Appellees' contention that legitimate, non-retaliatory reasons motivated their decision to investigate Aiossa for fraud. Short of speculation, therefore, there is no evidence that retaliation or Aiossa's age played even a partial motivating role in any of the allegedly adverse actions.

We have reviewed Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk